**14** PAN AMERICAN WORLD AIRWAYS, INC. v OVERSEAS RALEIGH ROMANY, LTD., et al. — Motion, insofar as it seeks leave to appeal to the Court of Appeals denied and, insofar as it seeks clarification of this court's order entered on November 6, 1980, said motion is granted insofar as to vacate said order, recall the memorandum decision filed therewith [78 AD2d 794], resettle the order and substitute the following memorandum: Order, Supreme Court, New York County, entered May 23, 1980, denying petitioner's petition in aid of execution of a judgment against respondent Overseas Raleigh Manufacturers, Inc., unanimously modified, on the law, without costs and without disbursements, to the extent of reinstating the second cause of action, and remanding the

matter for a hearing on the efficacy of the second cause of action, and, except, as thus modified, affirmed. Petitioner is a judgment creditor of defendant Overseas Raleigh Manufacturers, Ltd. (ORM). This court has affirmed the judgment (73 AD2d 879) and an appeal therefrom is pending in the Court of Appeals. On January 30, 1980 and execution upon personal property of ORM was delivered to the Sheriff. Subsequently, in the course of supplementary proceedings it was ascertained that ORM had an office on Fifth Avenue and a warehouse at 85 Tenth Avenue. When two Deputy Sheriffs attempted to levy execution on the property at the warehouse, they were refused access on the ground that ORM had ceased operation several months previously and that the warehouse was now occupied by Overseas Raleigh Romany (ORR). When they appeared at the Fifth Avenue office, the same information was given to them. This proceeding was then commenced. Petitioner sought, *inter alia,* a declaration that the personal property at both the warehouse and office was the property of ORM, and a turnover order requiring ORR to pay the enforceable part of the judgment (enforcement of part of the original judgment has been stayed pending determination of the appeal by the Court of Appeals). Special Term denied the petition "without prejudice to renewal upon additional evidentiary affidavits or documents supporting petitioner's claim." Subsequently, the instant proceeding was commenced with certain factors of ORM and ORR joined as additional respondents. Again, Special Term denied the petition, finding that the additional material failed "to establish ownership or transfer of property." Special Term correctly found that petitioner had not presented evidence sufficient to warrant a hearing on whether, as it contends, ORM and ORR are not separate corporations but, rather, a single entity. However, among the documents submitted in support of the subsequent petition were balance sheets of ORM and "affiliated companies." On the liabilities portion of the May 31, 1978 statement was an entry signifying an indebtedness due from ORR to ORM of $1,541,146, while on a November 30, 1978 statement the indebtedness to ORM from ORR was listed as $1,388,223. Since a debt due a judgment debtor may be applied to the satisfaction of the judgment (CPLR 5227), these balance sheets raise factual questions on the second cause of action, which seeks a turnover from ORR to petitioner of the debt owed to ORM. We do not agree, however, with petitioner's contentions that no trial issues are present with regard to the balance sheets, since questions exist concerning the legal status of the two corporations, as well as whether ORM's factor has a prior lien on any accounts receivable or inventory. Thus, the case is not ripe for summary determination, and we remand for a hearing to explore the issues raised by the indebtedness of ORR to ORM listed in respondents' ledgers. Resettled order signed and filed. Concur — Fein, J. P., Sandler, Sullivan, Lupiano and Silverman, JJ.