Leslye KNOX, individually and as the administrator of the Estate of Aharon Ellis and as natural guardian of plaintiffs Jordan Terrell Ellis, Reuven Carter, Shanon Carter, Shayrah Carter, Yoshavyah Carter and Amitai Carter, Jordan Terrell Ellis, minor, Reuven Carter, minor, Shanon Carter, minor, Shayrah Carter, minor, Yoshavyah Carter, minor, Amitai Carter, minor, by their next of friend and guardian Leslye Knox, Prince Shaleak, Mellonee Ellis Francine Ellis Lynne Ellis Yihonadav Ellis Tsaphrirah Ellis Aron Carter, Plaintiffs,

v.

**ORASCOM TELECOM HOLDING S.A.E, Defendant.**

No. 06 Civ. 6824 VM.

United States District Court, S.D. New York.

March 12, 2007.

Robert Joseph Tolchin, Law Office of Robert J. Tolchin, New York City, for Plaintiffs.

Christopher Mark Curran, Nicole Erb, White & Case LLP (DC), Washington, DC, for Defendant.

### DECISION AND ORDER

MARRERO, District Judge.

Plaintiffs ("Plaintiffs") initiated this supplemental turnover proceeding against Orascom Telecom Holding S.A.E. ("Orascom") seeking a judgment and order directing Orascom to turnover and pay to Plaintiffs any funds in its possession that are due and owing Plaintiff's judgment-debtors, the Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO").

Orascom moved to dismiss the complaint on several grounds, including lack of personal jurisdiction and lack of subject matter jurisdiction. With respect to personal jurisdiction, by order dated November 7, 2006 this Court stayed any personal jurisdictional discovery in this action pending the outcome of the allegedly similar and related personal jurisdictional discovery dispute at issue in *Estate of Ungar v. Palestinian Authority*, No. 18 MS 302 (S.D.N.Y.) (the *"Ungar* Miscellaneous Action"), currently pending in this Court before Judge Colleen McMahon.

However, in order to move this action forward, the Court agreed to consider Orascom's motion to dismiss for lack of subject matter jurisdiction. Having reviewed the parties' submissions and the relevant case law on this issue, for the reasons set forth below, Orascom's motion to dismiss the complaint for lack of subject matter jurisdiction is GRANTED.

### I. BACKGROUND

Plaintiffs are the representatives and heirs of Aharon Ellis, an American citizen who was murdered in a terrorist shooting attack in Hadera, Israel on January 17, 2002. Plaintiffs brought suit under the Antiterrorism Act of 1991, 18 U.S.C. § 2331–2339D (the "ATA"), against the PLO and the PA, whom Plaintiffs allege planned and carried out the attack. *See Knox v. Palestine Liberation Organization*, 442 F. supp.2d 62, 65 (S.D.N.Y.2006). This Court, adopting the Report and Recommendation of Magistrate Judge Katz, found Plaintiffs were entitled to recover damages in the amounts there specified and directed entry of final judgment against the PLO and PA in the total amount of $192,740,660.13. *Id.*

Plaintiffs assert that the PA and PLO have failed to satisfy this judgment. Consequently, they brought the instant turnover proceeding against Orascom, an Egyptian telecommunications company, seeking monies in Orascom's possession that Orascom allegedly owes or is holding for the PA. (*See* Complaint in Supplemental Proceeding, dated September 5, 2006 ("Compl."), ¶ 28.) More specifically, Plaintiffs allege that as the result of direct investments by the PA in Orascom, "the PA acquired direct and/or indirect stakes and/or shares and/or interests in" two Orascom subsidiaries, Orascom Telecom Algeria ("OTA") and Orascom Telecom Tunisia ("OTT"). (*Id.* ¶ 25.) Subsequently, "Orascom agreed to purchase the PA's OTA and OTT Stakes for an unknown sum totaling hundreds of millions of dollars." (*Id.*) Plaintiffs allege that Orascom did in fact acquire the PA stake in OTA and OTT and is currently indebted to the PA for sums due as a result of this acquisition.

Of particular significance to the motion now before the Court, the Plaintiffs allege that "the PA carried out all of the above-described transactions and investments in its own name and/or under the names of at least two shell entities:" The Palestinian Commercial Services Corporation ("PCSC") and The Palestine Investment Fund ("PIF"). (*Id.* ¶ 29.) Plaintiffs assert that the PCSC and PIF are "shell entities wholly-owned and controlled by the PA

with no purpose or business other than to act as investment vehicles for the PA." (*Id.* ¶ 30.) Thus, "[a]ny and all assets and property of any type designated or titled to, or held in, the name of the PCSC and PIF,[1] are legally, beneficially and equitably owned by the PA." (*Id.* ¶ 30.)

## II. DISCUSSION

### A. STANDARD OF REVIEW

On a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing that the Court has subject matter jurisdiction to adjudicate the allegations in the complaint. *See Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir.1996). In considering the motion, the Court must "accept as true all material factual allegations in the complaint." *Shipping Fin. Serv. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir.1998). The Court can take into consideration evidence presented outside of the pleadings, including affidavits and depositions. *See Makarova v. United States*, 201 F.3d 110, 114 (2d Cir.2000). However, the Court is not obligated to draw inferences from the pleadings and other submissions favorable to the party asserting jurisdiction. *See Shipping Fin. Serv.*, 140 F.3d at 131.

### B. ANCILLARY ENFORCEMENT JURISDICTION

In this turnover action,[2] Plaintiffs assert jurisdiction over Orascom

---

1. In its opposition papers, Plaintiffs indicate that the investments in Orascom were initially made through the PCSC but the "PCSC's rights in the Orascom investment were subsequently assigned to PIF." (Memorandum in Opposition to Orascom Telecom Holding S.A.E.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction, dated Dec. 15, 2006 ("Pl's Opp.") at p. 6 n. 4.) Thus, further discussion below regarding the Orascom investments and resulting debts will refer only to the PIF.

2. Procedurally this proceeding is authorized by Federal Rule of Civil Procedure 69(a), which provides that "[t]he procedure on execution, in proceedings supplementary to and in aid of a judgment ... shall be in accordance with the practice and procedure of the state in which the district court is held ..." Here, the relevant practice and procedure appears to be New York Civil Practice Law and Rules ("N.Y.C.P.L.R.") § 5225(b) which permits a special proceeding "commenced by the judgment creditor, against a person in

based on this Court's inherent power to enforce its own judgments.[3] Indeed, the district court's "ancillary enforcement jurisdiction is well established." *S.E.C. v. Antar*, 120 F.Supp.2d 431, 439 (D.N.J. 2000). Absent jurisdiction to enforce its own judgments, "the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution." *Peacock v. Thomas*, 516 U.S. 349, 356, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996) (*quoting Riggs v. Johnson County*, 6 Wall. 166, 73 U.S. 166, 18 L.Ed. 768 (1868)). Thus, the Supreme Court has "approved the exercise of ancillary jurisdiction over a broad range of supplementary proceedings involving third parties to assist in the protection and enforcement of federal judgments . . . ." *Id.* at 356, 116 S.Ct. 862.

However, exercise of the Court's ancillary enforcement jurisdiction is bounded by certain limits. In *Peacock*, the Supreme Court noted that it has "never authorized the exercise of ancillary jurisdiction in a subsequent lawsuit to impose an obligation to pay an existing federal judgment on a person not already liable for that judgment." *Id.* at 357, 116 S.Ct. 862. Orascom contends that this impermissible practice is precisely what the Plaintiffs are attempting to pursue in this action.

In *Peacock*, the plaintiff had obtained a judgment against defendant Tru–Tech Corporation. *See Id.* at 352, 116 S.Ct. 862. When Tru–Tech could not satisfy the judg-

ment, the plaintiff brought a supplemental proceeding seeking to pierce Tru–Tech's corporate veil and recover the judgment from Peacock, an officer of the corporation. *Id.* The Supreme Court held that the supplemental proceeding was in fact a new action against Peacock based on a new theory of liability for which independent grounds of subject matter jurisdiction must exist, and that consequently the Court's ancillary jurisdiction could not be exercised in such circumstances. *Id.* at 358, 116 S.Ct. 862 (Plaintiff's "attempt to make Peacock answerable for the ERISA judgment [against Tru–Tech] is not ancillary to that judgment.").

The Second Circuit, interpreting *Peacock*, has emphasized that a "distinction for jurisdictional purposes exists between an action to collect a judgment . . . and an action to establish liability on the part of a third party . . ." *Epperson v. Entertainment Express, Inc.*, 242 F.3d 100, 104 (2d Cir.2001). The latter requires an independent basis for subject matter jurisdiction because the court is presented with "a substantive theory seeking to establish liability on the part of a new party not otherwise liable." *Id.* at 107.

In *Epperson*, the plaintiff had previously obtained a default judgment and then brought a subsequent action against a third party to whom funds had allegedly been fraudulently conveyed by the judgment-debtor. *See Id.* at 103. The district

possession of custody of money or other personal property in which the judgment debtor has an interest, or against a person who is a transferee of money or other personal property from the judgment debtor, where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee, the court shall require such person to pay the money."

**3.** Although Plaintiffs are all American citizens and defendant is an Egyptian corporation, it

appears diversity jurisdiction under § 28 U.S.C. 1332 would be unavailable as a basis for establishing this Court's subject matter jurisdiction. As indicated in the underlying action, many of the plaintiffs are domiciled in Israel and the decedent, and therefore the estate, were domiciled there as well. *See Knox*, 442 F.Supp.2d at 65. Diversity jurisdiction generally does not lie when a party is a United States citizen domiciled abroad. *See Herrick Co. v. SCS Communications*, 251 F.3d 315, 322 (2d Cir.2001).

court dismissed the action, finding no ancillary enforcement jurisdiction because under *Peacock*, the fraudulent conveyance claim constituted a new theory of liability requiring an independent basis for subject matter jurisdiction. The Second Circuit reversed, holding that *Peacock* was distinguishable because a proceeding to void a fraudulent conveyance does not seek to hold the third party liable for the underlying judgment, but merely seeks "to ensure the collectibility of the default judgment." *Id.* at 107.

Orascom asserts that Plaintiffs are attempting to achieve precisely what *Peacock* prohibits. It argues that in asserting that the PIF is a "shell entit[y]" owned and controlled by the PA, Plaintiffs clearly seek relief based on a new theory of liability. Orascom further maintains that the relief Plaintiffs seek "effectively renders the Palestinian funds liable for the underlying judgment against the PA on alter-ego or veil-piercing theories: assets that ordinarily would have been transferred from Orascom to the Palestinian funds would be transferred instead, if Plaintiffs prevail, to the Plaintiffs to satisfy their judgment against the PA. Because Orascom purportedly owes the Palestinian funds an asset, it is legally and logically inescapable that Plaintiffs may pursue Orascom for that asset only if the Palestinian funds are legally determined to be alter egos of the PA." (Reply Memorandum of Law in Support of Orascom Telecom Holding S.A.E.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction, dated Dec. 22, 2006 ("Reply Br."), at p. 3.)

Plaintiffs contend that the circumstances of this action are more in line with those in *Epperson*, because Plaintiffs do not seek to hold Orascom liable for the judgment against the PA. Rather, they simply seek recovery of funds due the PA that happen to be in Orascom's possession.

There is some merit in both parties arguments, rendering the Court's judgment an acutely close call. It is undisputed that Orascom is a third party in possession of funds that belong to either the PA or PIF, and Plaintiffs simply seek access to those funds. Thus, to this extent it is the case that Plaintiffs are not attempting to reach Orascom's own assets or hold Orascom liable for the PA's judgment. *cf. Thomas, Head, & Greisen Employees Trust v. Buster*, 95 F.3d 1449, 1454 (9th Cir.1996) ("Thomas, Head seeks only to disgorge from them, as alleged fraudulent transferees, the property [judgment-debtor] wrongfully transferred to them. Because Thomas, Head is not attempting to establish the Johnson parties' liability for the original judgment, we find *Peacock* inapposite."); *Antar*, 120 F.Supp.2d 431 ("[T]he SEC does not seek to establish personal liability of the relief defendants for the judgment entered against Sam M. and his co-defendants. Nor does the SEC attempt to satisfy its judgment against Sam M. by reaching the relief defendants' own assets. Rather, the SEC's claim is precisely the sort of claim approved in *Peacock*—it seeks to reach assets belonging to the judgment debtor but found in the hands of the relief defendants.").

However, while Plaintiffs argue that their claim is more analogous to *Epperson* than *Peacock*, in that they do not seek to hold Orascom liable for their judgment against the PA, *Epperson* and the cases that follow it all involve exercise of enforcement jurisdiction over fraudulent conveyance claims. Significantly, Plaintiffs do not assert that the funds at issue here were fraudulently conveyed by the PA to Orascom in order to avoid this Court's judgment. This fact is significant because the Second Circuit's decision in *Epperson* is premised on the distinction between a fraudulent conveyance claim and a veil-piercing or alter ego claim. In *Epperson*,

the Circuit Court affirmed the continued viability of an earlier Second Circuit decision in which it reasoned that "[a] fraudulent conveyance is void under the New York statute, and may be disregarded, even by a creditor whose judgment is entered afterwards. A suit to set it aside is not therefore essential, but is only an alternative remedy." 242 F.3d at 104 (*quoting Empire Lighting Fixture Co. v. Practical Lighting Fixture Co.*, 20 F.2d 295, 296–97 (2d Cir.1927))0. The Second Circuit's decision in *Epperson* is based in large part on how a fraudulent conveyance is regarded under the law of this Circuit—the conveyance is considered void and thus the property or monies conveyed are deemed to still be that of the judgment debtor.

Moreover, in a footnote the *Epperson* Court elaborates:

> [W]e have held the district court has enforcement jurisdiction in this case because no court should be powerless to enforce its own judgment when a defendant fraudulently conveys assets to avoid the judgment. The fact that the defendant conveys them to a non-diverse party should not divest a district court of enforcement jurisdiction. Such a result would encourage judgment debtors to engage in such conduct, not only to avoid payment of the judgment but also to force the winning plaintiff to pursue him to another jurisdiction.

*Id.* at 107 n. 10. The rationale for finding enforcement jurisdiction in *Epperson* does not appear to directly support Plaintiffs assertion of ancillary enforcement jurisdiction in this action as there is no allegation that the PA fraudulently conveyed the funds at issue to Orascom, or to the PIF, in order to avoid paying Plaintiffs' judgment.

The more fundamental problem with finding that the Court's enforcement jurisdiction extends over Orascom in this action is that in order to direct the turnover of funds in its possession to Plaintiffs, the Court would have to conclude that the PIF is in fact "legally, beneficially and equitably owned by the PA" (Compl.¶ 30.). As Orascom correctly points out, once the Court is required to engage in a veil-piercing or alter ego analysis as to this question, an independent basis for jurisdiction is required. *See Epperson*, 242 F.3d at 106 ("Since *Peacock*, most courts have continued to draw a distinction between post-judgment proceedings to collect an existing judgment and proceedings, *such as claims of alter ego and veil-piercing*, that raise an independent controversy with a new party in an effort to shift liability.") (emphasis added).

Plaintiffs vigorously argue that they are not proceeding on an alter ego theory in that they do not seek to hold the PIF liable for the judgment, but merely claim that the debt at issue is in fact a debt owed to the PA itself. Whether the PIF is simply an investment vehicle for the PA, it is nonetheless a separate corporate entity. As Orascom points out, the exhibits Plaintiffs attach to their opposition confirms that the PIF is a separate entity. The Standard & Poor's and Democracy Council Report that Plaintiffs provide detailing the PIF's holding is directed to the "Members of the Board of Directors" of the PIF. (*See* Pl's Opp., Ex. A.) Moreover, the report is presented "pursuant to the Articles of Association" of the PIF. (*Id.*) Thus, "[t]o adopt [Plaintiffs'] argument, we would be forced to treat the corporate form of [PIF] as a complete nullity—to look through its legal identity to the party standing behind it—and to do so under the guise of making a factual determination necessary to determine our subject matter jurisdiction over this case." *Futura Development of Puerto Rico v. Estado Libre Asociado de Puerto Rico*, 144 F.3d 7, 12 (1st Cir.1998). Even if it were quite clear that the PIF is no

more than a PA investment vehicle and an alter ego of the PA,[4] and even if such a finding might not demand a difficult factual inquiry, it is a determination that requires the Court "to impose liability upon entities that would, on first blush, not otherwise be liable . . ." *Id.*

Finally, the Court notes that this action is procedurally distinct from *Peacock* in that here the party raising the alter ego issue—Orascom—is not the party alleged to be the alter ego of the judgment debtor, the PA. Hence, to the extent a dispute exists regarding the relationship between the PIF and the PA, arguably it is not a conflict that implicates Orascom. For the purposes of determining the Court's subject matter jurisdiction it could be argued that all that is relevant is a matter not disputed here: that Orascom holds funds which may belong to the PA. On the basis of this allegation alone, Plaintiffs believe the Court has subject matter jurisdiction and argue that to the extent the Court must make a determination as to whether Orascom does in fact hold funds of the PA which can be transferred satisfy the judgment issued by this Court, and that determination can be made after a hearing or after a fuller record is established. *Cf. Pan American World Airways, Inc. v. Overseas Raleigh Romany, Ltd.,* 78 A.D.2d

794, 433 N.Y.S.2d 7, 7 (App.Div. 1st Dept. 1980) (finding hearing warranted in N.Y. C.P.L.R. § 5227 proceeding to determine whether judgment debtor and third party holding debt were in fact separate corporations or one entity). Arguably, the Court should be able to trace funds that could be levied against to satisfy Plaintiffs' judgment to any source where such assets may be found. *See UFCW Local 174 Commercial Health Care Fund v. Homestead Meadows Foods Corp.,* 425 F.Supp.2d 392, 393 (S.D.N.Y.2005)("Because the plaintiffs seek to collect a judgment issued by this Court by tracing the judgment debtor's assets into the hands of a third party, there is subject matter jurisdiction over this action."). However, if this Court's enforcement jurisdiction would not extend to the PIF,[5] it would be illogical for it to reach Orascom, whose only connection to the PA's judgment debt is that Orascom holds funds due to the PIF.

In sum, the Court is persuaded that this action does in fact "seek to hold nonparties liable for a judgment on a theory that requires proof on facts and theories different from those underlying the judgment," and it is not "an attempt simply to collect a judgment duly rendered by a federal court, even if chasing after the assets of

---

**4.** Plaintiffs include an affidavit submitted to the Israeli courts by the PA itself that the assets of the PIF are subject to execution in satisfaction of judgments against the PA. (Pl's Opp., Ex. I., Affidavit of Nadim Al–Barahama.) Although Orascom points out that while the affidavit submitted references an appendix of investments of the PA, the actual appendix submitted lists only PIF assets. (*Id.*) Nevertheless, Orascom does not substantively challenge the assertion that the PIF is nothing more than an investment vehicle of the PA.

**5.** The Court notes that there are other means by which Plaintiffs could overcome the jurisdictional hurdles posed by *Peacock.* Plaintiffs could have asserted an alter ego claim against the PIF in the underlying litigation. *See Ellis*

*v. All Steel Construction Inc.,* 389 F.3d 1031, 1033 (10th Cir.2004) ("If an alter-ego claim is asserted in conjunction with the underlying federal cause of action, the latter may prove the basis for ancillary jurisdiction over the alter-ego claim, obviating *Peacock* concerns; it is only when an alter-ego claim is asserted in a separate judgment-enforcement action that *Peacock* requires an independent basis for jurisdiction."). Additionally, "the operative deficiency here is only one of federal jurisdiction; nothing [the Court has] said would preclude prosecution of an alter-ego claim in state court." *Id.* at 1037. Indeed, Plaintiffs have taken advantage of the latter alternative and filed a parallel state action. *See Knox v. Orascom Telecom Holding S.A.E.,* Index No. 3631/07 (N.Y. Sup. Ct.).

the judgment debtor in the hands of a third party." *See U.S.I. Properties Corp. v. M.D. Construction Co.,* 230 F.3d 489, 498 (1st Cir.2000). As the First Circuit noted, "[t]hese distinctions might strike a metaphysical note for some, but they have been long honored by the law and have been recognized by the Supreme Court." *Id.* at 498–99.

Thus, for the reasons discussed, Orascom's motion to dismiss to dismiss this action for lack of subject matter jurisdiction is granted.

### III. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion of Orascom Telecom Holdings S.A.E. to dismiss the complaint herein (Docket No. 6) is GRANTED.

The Clerk of the Court is directed to close this case.

**SO ORDERED.**