Leslye KNOX, individually and as the administrator of the Estate of Aharon Ellis and as natural guardian of plaintiffs Jordan Terrell Ellis, Reuven Carter, Shanon Carter, Shayrah Carter, Yoshavyah Carter and Amitai Carter, Jordan Terrell Ellis, minor, Reuven Carter, minor, Shanon Carter, minor, Shayrah Carter, minor, Yoshavyah Carter, minor, Amitai Carter, minor, by their next of friend and guardian Leslye Knox, Prince Shaleak, Mellonee Ellis Francine Ellis Lynne Ellis Yihonadav Ellis Tsaphrirah Ellis Aron Carter, Plaintiffs,

v.

ORASCOM TELECOM HOLDING S.A.E., Defendant.

No. 06 Civ. 6824(VM).

United States District Court, S.D. New York.

April 19, 2007.

Robert Joseph Tolchin, Law Office of Robert J. Tolchin, New York, NY, for Plaintiffs.

Christopher Mark Curran, White & Case LLP, Washington, DC, Nicole Erb, White & Case LLP, Washington, DC, for Defendant.

## DECISION AND ORDER

MARRERO, District Judge.

Plaintiffs ("Plaintiffs") initiated this supplemental turnover proceeding against Orascom Telecom Holding S.A.E. ("Orascom") seeking a judgment and order directing Orascom to turnover and pay to Plaintiffs any funds in its possession that are due and owing Plaintiffs' judgment-debtors, the Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO").

In a Decision and Order dated March 12, 2007 and entered March 15, 2007, the Court granted Orascom's motion to dismiss the complaint for lack of subject matter jurisdiction. *See Knox v. Orascom*, 477 F.Supp.2d 642 (S.D.N.Y.2007) (the "Decision"). By motion filed March 31, 2007, Plaintiffs seek reconsideration of the Court's Decision pursuant to Local Civil Rule 6.3 ("Rule 6.3").

### I. STANDARD OF REVIEW

■ Reconsideration of a judicial order pursuant to Rule 6.3 is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Management Sys. Inc. Sec. Litig.*, 113 F.Supp.2d 613, 614 (S.D.N.Y.2000) (citations and quotation omitted). Pursuant to Rule 6.3, the moving party must demonstrate controlling law or factual matters put before the court on the underlying motion that the court overlooked and that might reasonably be expected to alter the court's decision. *See Lichtenberg v. Besicorp Group Inc.*, 28 Fed. Appx. 73, 74 (2d Cir.2002); *SEC v. Ashbury Capital Partners, L.P.*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (*citing AT & T Corp. v. Comty. Network Servs., Inc.*, No. 97 Civ. 316, 2000 WL 1174992, at *1 (S.D.N.Y. Aug.18, 2000)). A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent the Rule from being used as a substitute for appealing a final judgment. *See Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 150 (S.D.N.Y. 1999); *In re Houbigant, Inc.*, 914 F.Supp. 997, 1001 (S.D.N.Y.1996).

### II. DISCUSSION

■ Plaintiffs assert the Decision misquoted and misconstrued the complaint and misapplied relevant case law. While familiarity with the Court's Decision is presumed, in sum, the Court construed Plaintiffs' complaint to contain, among other things, the following two allegations: (1) the Palestine Investment Fund ("PIF") is an investment vehicle owned and controlled by the PA, *see Knox*, 477 F.Supp.2d at 644–45 (quoting complaint at ¶ 30); and (2) the assets of the PIF are "legally, beneficially and equitably owned by the PA," *id.* (quoting complaint at ¶ 30). The Court acknowledges that this second allegation was incorrectly attributed to paragraph 30 of the complaint. This second allegation was in fact in paragraph 31 of the complaint.

Paragraph 30 and 31 of the complaint read in full as follows:

> 30. The PCSC and PIF are shell entities wholly-owned and controlled by the PA with no purpose or business other than to act as investment vehicles for the PA. The PA established and uses the PCSC and PIF to conceal, hold, manage and invest the PA's assets.

> 31. Any and all assets and property of any type designated or titled to, or held in, the name of the PCSC and PIF, are legally, beneficially and equitably owned by, and constitute assets of, the PA.

### A. THE COURT DID NOT MATERIALLY MISREAD THE COMPLAINT

Plaintiffs assert the mistaken attribution of the second allegation to paragraph 30 is significant, particularly in light of the fact that the Decision reads that the PIF was a shell entity and investment vehicle, "thus," its assets were legally, beneficially and equitably owned by the PA. *See id.* Plaintiffs maintain that the Court's mistakenly attributing both

allegations to the same paragraph and connecting them with "thus" indicates that the Court wrongly construed the complaint to allege that assets titled to the PIF are owned by the PA *because* the PIF is a shell entity of the PA.

Plaintiffs emphasize that, in fact, their "fundamental allegation" in this case is that "the debt owed by Orascom, though *nominally* titled to the PIF, is in fact—*simpliciter* and literally—an asset owned by the PA." (*See* Memorandum in Support of Plaintiffs' Motion for Reconsideration, filed March 31, 2007 ("Pls.' Memo"), at 4) (emphasis in original). Accordingly, Plaintiffs contend that the Decision misconstrues the complaint because the Decision presumes the complaint to allege that the assets Plaintiffs seek in this turnover proceeding are due the PA because the PIF is nothing more than its alter-ego, when in fact the complaint simply alleges that the assets are subject to turnover because they are owned by the PA.

The Court's Decision was in fact cognizant of this distinction. *See Knox*, 477 F.Supp.2d at 647–48 ("Plaintiffs vigorously argue that they are not proceeding on an alter ego theory and that they do not seek to hold the PIF liable for the judgment, but merely claim that the debt at issue is in fact a debt owed to the PA itself."). The Decision, however, while fully aware of Plaintiffs' position, ultimately concludes that the complaint cannot be read as establishing the PA's interest in the debt owed by Orascom without a finding by the Court that the PIF is an alter-ego of the PA.

Plaintiffs argue that the Decision incorrectly focuses on the *relationship* between the PA and the PIF when all that the complaint is concerned with is the *ownership* of the assets and debts that Plaintiffs seek to have turned over.[1] According to Plaintiffs, the complaint clearly and unambiguously states that the assets at issue are owned by the PA, thus this Court is being asked to do nothing more than enforce its judgment against the PA by requiring the turnover of these assets. In essence, the Plaintiffs' disagreement with the Court is whether any determination by the Court is necessary with respect to the relationship between the PA and the PIF in order to accept for jurisdictional purposes Plaintiffs' allegation of the PA's ownership of the assets and debts at issue.

Plaintiffs emphasize, as stated in the Decision, that the Court is required to accept as true all material factual allegations in the complaint but need not draw inferences from the pleadings and other submissions favorable to the party asserting jurisdiction. *See id.* at 644–45. Plaintiffs, however, incorrectly argue that the Decision ignores the factual allegation in the complaint. It is the factual allegations which forced the Court to conclude that under *Peacock v. Thomas,* 516 U.S. 349, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996), this proceeding "does in fact seek to hold nonparties liable for a judgment on a theory that requires proof of facts and theories different from those underlying the judgment." *Knox,* 477 F.Supp.2d at 648–49 (*quoting U.S.I. Properties Corp. v. M.D. Construction Co.,* 230 F.3d 489, 498 (1st Cir. 2000)).

Specifically, Paragraph 35 of the complaint states:

> Therefore, any amounts nominally owed, due and/or payable from Defendant ORASCOM to the PCSC and PIF are legally, beneficially and equitably owed, due and payable to the PA, constitute assets of the PA, and are subject to turnover in satisfaction of Plaintiff–Judgment Creditor's judgment against the PA.

While Plaintiffs artfully attempt to diminish the significance of PIF's role in this

---

1. In the Decision, the Court stated that in order to direct turnover of funds in Orascom's possession, "the Court would have to conclude that the PIF is in fact 'legally, beneficially and equitably owned by the PA.' " *Knox,* 477 F.Supp.2d at 647–48 (quoting complaint at ¶ 30). Plaintiffs contend that this statement misstates the complaint, which asserted only that the *assets* of the PIF were legally, beneficially and equitably owned by the PA. While the Court concedes that this statement is somewhat ambiguous, the Court did not misconstrue the complaint. Here, the Court was simply stating its own conclusion that the complaint, although avoiding such an express allegation, did ultimately require a determination that the PA and the PIF were legally indistinguishable.

action by describing its entitlement to the amounts due from Orascom as "nominal[ ]," it is nevertheless an undisputed material allegation in Plaintiffs' complaint that the assets held and debts owed by Orascom at issue in the proceeding are in fact due to the PIF, not the PA. Indeed, in its memorandum in support of the instant motion, Plaintiffs again state that while the assets at issue are owned by the PA, they are "nominally held or titled under the name of the PIF." (Pls.' Memo at 10.) The Court cannot ignore the fact that the assets now sought by Plaintiffs are "nominally" due to the PIF and that Orascom owes the amounts at issue to the PIF—this is a material factual allegation.

There has to be some inference that allows the Court to reconcile the PA's alleged ownership of the assets with the fact that they are due the PIF. As Plaintiffs specifically allege that the PIF is a "shell entity" and that the PA uses the "PIF to conceal, hold, manage and invest the PA's assets," the Court construed the complaint to necessarily allege that the PIF was an alter-ego of the PA despite Plaintiffs' disavowal of such an allegation. The Court's conclusion that the relationship between the PA and PIF must be evaluated to determine whether jurisdiction exists was the only logical construction of the complaint.

## B. PLAINTIFFS CANNOT ASSERT NEW ARGUMENTS ON RECONSIDERATION

■ Plaintiffs argue that the Court misses the point with respect to their essential allegations and offers the following analogy: "Simply put, if Smith gives his money to Jones to invest on behalf of Smith, and both Smith and Jones agree that the money is owned by Smith, then Smith's judgment-creditors can reach that money...." (Pls' Mem. at 10.) In this analogy, Plaintiffs are essentially arguing that the PIF is a broker or an agent for the PA. This is not what the complaint alleges. There is no express allegation in the complaint that an agency relationship exists between the PA and the PIF and no such relationship is reasonably apparent from the complaint. Nor is this proposition what Plaintiffs' argued in opposition to the motion to dismiss.

Similarly, Plaintiffs argue on reconsideration that while not required to plead legal theories in their complaint, they could have asserted trust theories. Again, they did not specifically allege that title to the debt owed by Orascom was held by the PIF in trust for the PA, nor did Plaintiffs argue trust theories in their opposition papers. Thus, such arguments are not appropriate for consideration on a Rule 6.3 motion. *See Pasha v. William M. Mercer Consulting, Inc.,* 2004 WL 1474694, at *1 (S.D.N.Y. June 30, 2004) ("Neither Rule 59(e) or Local Civil Rule 6.3, however, is an appropriate vehicle ... to advance new facts, issues or arguments not previously presented to the court.") (citations omitted).

## C. THE COURT DID NOT MISCONSTRUE CONTROLLING CASELAW

Finally, Plaintiffs' argue that the Court misconstrued controlling case law by incorrectly limiting the holding of *Epperson v. Entertainment Express, Inc.,* 242 F.3d 100 (2d Cir.2001), to fraudulent conveyance claims. The Court neither expressly stated or implied such a limitation on *Epperson.* The Decision merely distinguished *Epperson,* which Plaintiffs relied on heavily in their opposition papers, from the facts and allegations at issue in this case. The Decision simply holds that the reasoning supporting the Second Circuit's determination in *Epperson* that a fraudulent conveyance claim is an action to collect a judgment, does not support finding jurisdiction in the present action. *See Knox,* 477 F.Supp.2d at 647–48 ("The rationale for finding enforcement jurisdiction in *Epperson* does not appear to directly support Plaintiffs assertion of ancillary enforcement jurisdiction in this action ...").

The facts of this case are somewhat distinct from both *Epperson* and *Peacock.* Thus, as the Court's decision made clear, resolving the question of this Court's ancillary enforcement jurisdiction was an "acutely close call." *Knox,* 477 F.Supp.2d at 646–47. The Court did not discount Plaintiffs' allegations that the assets are in fact owned by the PA. However, it could also not ignore the

inconsistent allegation that from Orascom's perspective, the assets are due the PIF. Ultimately, "the question of whether [ancillary enforcement] jurisdiction should be exercised may well vary with the nature of the underlying basis for federal jurisdiction and the nature of the postjudgment claims made." *U.S.I. Prop.*, 230 F.3d at 496 (*citing Thomas, Head & Greisen Employees Trust v. Buster*, 95 F.3d 1449, 1453–54 (9th Cir.1996)).

Here, the underlying judgment against the PA was based on the ATA as a result of the PA's involvement in a terrorist act. It was entered against a foreign entity which refused to acknowledge this Court's jurisdiction. Plaintiffs now seek to recover that judgment by indicating that assets held by an Egyptian telecommunications company at least "nominally" due to a foreign investment company can be seized to satisfy the judgment. While Plaintiffs assert that these assets are "legally, beneficially, and equitably" owned by the PA, in light of the other allegations in the complaint, the Court is not persuaded that Plaintiffs have met their burden of establishing jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) ("[I]t is to be presumed that a cause of action lies outside [the federal court's] limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction.").

Moreover, while Plaintiffs' assert that there is no dispute with respect to the PA's ownership of the assets at issue, the PIF is not a party to the instant action. Consequently, the Court should be particularly hesitant to overlook the PIF's "nominal" title to these assets. Under New York Civil Practice Law and Rules ("N.Y.C.P.L.R.") § 5209, Orascom's obligations to the PA would be discharged by this Court's determination that the assets at issue can be turned over to the Plaintiffs. *See* 54 N.Y. Jur.2d § 55 ("The purpose of this provision is to protect a garnishee who pays a debt or delivers property pursuant to an execution or order against a subsequent claim by the judgment debtor for the same debt or property."). However, "the provision refers only to the discharge of an obligation owed to the judgment debtor, and the garnishee's obligation to other persons therefore is not affected." *Id.* Here, exercising jurisdiction and executing on the assets at issue leaves Orascom vulnerable to a claim from the PIF that it turned over funds clearly and legally due that entity.

Ultimately, Plaintiffs' complaint requires the Court to address whether the PIF would be obligated to turn these funds over to the PA, which makes this action founded upon facts different from those underlying the ATA action, and makes it inappropriate for a federal court to assert ancillary enforcement jurisdiction.

Accordingly, Plaintiffs' have failed to show that the Court overlooked factual matters or controlling case law requiring the Court to alter its previous decision. Consequently, Plaintiffs' motion for reconsideration is without merit.

## III.  *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 17) pursuant to Local Civil Rule 6.3 for reconsideration of the Court's March 12, 2007 Order is DENIED.

**SO ORDERED.**