SUMMARY ORDER
Appellants challenge an order of the District Court for the District of Connecticut (Dorsey, J.), filed May 5, 2008, staying their action to enforce a $116 million default judgment of the District Court for the District of Rhode Island against the Palestinian Authority (the “PA”) and the Palestine Liberation Organization (“PLO”) until the final resolution of a motion for vacatur pending in the District of Rhode Island. By virtue of the Rhode Island default judgment, Appellants claim ownership over the Palestine Investment Fund (“PIF”), an entity apparently holding assets of the PA. Appellants further assert ownership over the PIF’s interest in Canaan Equity Offshore C.V., Canaan Equity II Offshore C.V., and Canaan Equity III Offshore C.V. (the “Canaan Funds”), through their claimed ownership of the *633 PIF. At oral argument the Appellants informed the Court that the Rhode Island district court had issued an order denying the motion to vacate, and on June 2, 2009 the PA and PLO filed a notice that they are appealing that order to the First Circuit.
As a threshold matter, Appellants assert that we have jurisdiction over this appeal either because the stay is final, 28 U.S.C. § 1291, because the stay is an appealable interlocutory order, 28 U.S.C. § 1292(a)(1), or because the district court acted ultra vires in granting the stay, justifying mandamus jurisdiction. None of these provides a valid basis for us to exercise jurisdiction.
With respect to finality of the order, Appellants argue that the district comb’s order stayed enforcement of the judgment indefinitely and, therefore, rendered the order final within the meaning of 28 U.S.C. § 1291 because the order stayed the enforcement action “to await a more precise defining of the issues by the Rhode Island District Court” and because the final order on the motion to vacate is “subject to [First] Circuit and perhaps Supreme Court appeals.” This, according to Appellants, is akin to the situation in Idlewild Bon Voyage Liquor Corp. v. Rohan, 289 F.2d 426 (2d Cir.1961), reasoning affirmed and remanded on other grounds by 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962), in which this Court found error in a district court decision not to impanel a threejudge district court on the chance that a state court action would be filed requiring adjudication of the same issues. Even were we to assume the stay in this situation—pending the resolution of a Federal Rule of Civil Procedure 60(b) motion to vacate a default judgment in another district court and any appeal taken from that resolution—is analogous to the denial of an application for a three-judge district court panel, we would still conclude that Idlewild is inapposite. The basis for this court’s decision in Idlewild was that the contemplated state adjudication was purely speculative. Here a motion was made in another district that could determine the outcome of the action in Connecticut, while in Idlewild there was no other action pending. “Idlewild does not disturb the usual rule that a stay is not ordinarily a final decision for purposes of § 1291, since most stays do not put the plaintiff ‘effectively out of court.’” Moses H. Cone Mem’l Hasp. v. Mercury Constr. Corp., 460 U.S. 1, 10 n. 11, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).
Nor do we have jurisdiction under 28 U.S.C. § 1292(a)(1), which provides for appeals of orders “granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions.” Even if Appellants’ turnover motion properly could be characterized as a request for injunctive relief, and the stay an order of the requisite nature, Appellants “have not shown that all the relief sought will be unavailable if we wait until after the district court proceedings are final before hearing an appeal.” Sahu v. Union Carbide Corp., 475 F.3d 465, 468 (2d Cir.2007) (citing Cuomo v. Barr, 7 F.3d 17, 19 (2d Cir.1993)).
Appellants have likewise not demonstrated that the district court’s stay merits the extraordinary remedy of mandamus. “[T]he Court of Appeals may exercise its power to issue the writ only upon a finding of exceptional circumstances amounting to a judicial ‘usurpation of power,’ or a ‘clear abuse of discretion.’ ” Cheney v. United States Dist. Court for the Dist. of Columbia, 542 U.S. 367, 390, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004) (citations and internal quotation marks omitted). There are no such circumstances present in this case. The district court did *634 not need to apply Federal Rule of Civil Procedure 62(b), as Appellants contend. This is not a case of the district court staying enforcement of its own judgment, the district court’s stay does not affect other proceedings Appellants may have begun in order to enforce the Rhode Island judgment, and the relationship between Appellees and the judgment debtors remains unclear at this point in the litigation.
The stay, unlike that in In re Zapata Gulf Marine Corp., 941 F.2d 293 (5th Cir. 1991), falls under the inherent power of the court to control its own docket. See Clinton v. Jones, 520 U.S. 681, 707, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997). While some courts, like the Fifth Circuit in Zapata, have exercised mandamus jurisdiction to lift “immoderate” stays, it is not obvious to us that the district court’s stay pending resolution of the motion to vacate in Rhode Island is immoderate. Moreover, although Appellees posted no bond, Canaan Funds assert that they must honor a Rhode Island injunction and Conn. Gen.Stat. § 52-356c(d),[1] which prohibit distributions that normally would have been paid to PIF and Becont. This is not a situation in which “discretion was abused by a stay of indefinite duration in the absence of a pressing need.” Landis v. N. Am. Co., 299 U.S. 248, 255, 57 S.Ct. 163, 81 L.Ed. 153 (1936).
Appellees Becont, Ltd. and PIF, through purported counsel Dewey & Le~ boeuf, argue that the district court did not have ancillary subject matter jurisdiction under Peacock v. Thomas, 516 U.S. 349, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996), because they are separate legal entities from those involved in the Rhode Island proceeding. See Knox v. Orascom Tele-com Holding S.A.E., 477 F.Supp.2d 642, 647-48 (S.D.N.Y.2007). However, Appel-lees’ motions to dismiss on this basis remain pending before the district court, and determinations of the relationships of the parties vis-á-vis one another and the Rhode Island judgment are integral to the proceedings below. We decline to rule on this issue when the district court has not yet done so.
Accordingly, the appeal is DISMISSED for lack of appellate jurisdiction.

. Conn. Gen.Stat. § 52-356c(d) applies to post-judgment determinations of interests in disputed property and reads: “Pending the hearing on the claim and subject to further order of the court, any property in dispute shall continue to be held by the person then in possession and shall not be transferred to any person who is not a party to the supplemental proceeding. If previously seized by or delivered to a levying officer, the property shall remain in the custody of the levying officer.”